Kirk D. Miller, WSBA No. 40025
*Kirk D. Miller, P.S.*
421 W. Riverside Ave., Ste. 660
Spokane, WA  99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile

Shayne J. Sutherland, WSBA No. 44593
Brian G. Cameron, WSBA No. 44905
*Cameron Sutherland, PLLC*
421 W. Riverside Ave., Ste. 660
Spokane, WA  99201
(509) 315-4507 Telephone
(509) 315-4585 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES DEARING, | ) |
| | ) Case No.: |
| Plaintiff, | ) |
| | ) COMPLAINT FOR DAMAGES |
| vs. | ) |
| | ) JURY DEMANDED |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company, | ) ) ) ) |
| Defendant. | ) |

**I.     INTRODUCTION**

Plaintiff James Dearing ("Plaintiff"), a Washington resident, brings this action by and through his undersigned counsel, against Defendant Portfolio Recovery Associates, LLC ("Defendant PRA"), and alleges the following:

////

COMPLAINT - 1

## II. JURISDICTION AND VENUE

2.1 Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. § 1337 and 28 U.S.C. § 1331. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.2 Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

## III. NATURE OF THE ACTION

3.1 Plaintiff brings this action for damages for Defendant PRA's actions of using unfair and unconscionable means to collect a debt.

3.2 Defendant PRA's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.3 Plaintiff is seeking damages, declaratory, and injunctive relief.

## IV. PARTIES

4.1 Plaintiff is a natural person, a resident of Washington State, and is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

4.2 Defendant PRA is a "debt collector," as defined by 15 U.S.C. § 1692a(6).

COMPLAINT - 2

4.3   All acts done by Defendant PRA were done on its own behalf.

4.4   Defendant PRA is a Delaware limited liability company engaged in the business of collecting debts in Washington State.

4.5   Defendant PRA's headquarters are located at 120 Corporate Blvd, Suite 100, Norfolk, VA 23502-4952.

4.6   Defendant PRA is a "collection agency," as defined by RCW 19.16.100(4)(d).

## V.   ALLEGATIONS OF FACT

5.1   Sometime prior to August 2016, Plaintiff allegedly incurred an obligation to Comenity Bank.

5.2   The Comenity Bank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

5.3   The alleged Comenity obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

5.4   On or about August 29, 2016, Plaintiff's alleged Comenity Bank debt was sold to Defendant PRA.

5.5   In June 2018, Defendant PRA sued Plaintiff in the Spokane County Superior Court.

COMPLAINT - 3

5.6   In June 2018, Defendant PRA obtained a default judgment against Plaintiff.

5.7   In August 2018, Defendant PRA obtained a writ of garnishment against Plaintiff's financial institution.

5.8   At or about the same date that the writ of garnishment was sent to the Plaintiff's financial institution, Defendant PRA, through its counsel, also sent an exemption claim form to the Plaintiff.

5.9   The exemption claim form sent to Plaintiff is a "communication" under 15 U.S.C. § 1692a(2).

5.10  RCW 6.27.130 requires that an exemption claim form be served or mailed to the judgment debtor.

5.11  The exemption claim form found at RCW 6.27.140 is a mandatory form that must be printed or typed in no smaller than size twelve-point font and contain the statutorily-required contents.

5.12  The RCW 6.27.140 exemption claim form contains check boxes for claiming specific exemptions for money in a financial institution, including the following:

> IF BANK ACCOUNT IS GARNISHED:
> [ ] The account contains payments from:
> [ ] Temporary assistance for needy families, SSI, or other public assistance. I receive $ . . . . . monthly.

COMPLAINT - 4

[ ] Social Security. I receive $ . . . . . monthly.
[ ] Veterans' Benefits. I receive $ . . . . . monthly.
[ ] Federally qualified pension, such as a state or federal pension, individual retirement account (IRA), or 401K plan. I receive $ . . . . . monthly.
[ ] Unemployment Compensation. I receive $ . . . . . monthly.
[ ] Child support. I receive $ . . . . . monthly.
[ ] Other. Explain . . . .
[ ] $2,500 exemption for private student loan debts.
[ ] $500 exemption for all other debts.

IF EXEMPTION IN BANK ACCOUNT IS CLAIMED, ANSWER ONE OR BOTH OF THE FOLLOWING:

[ ] No money other than from above payments are in the account.
[ ] Moneys in addition to the above payments have been deposited in the account. Explain . . . .

5.13 Defendant PRA removed two of the exemptions from the exemption claim form.

5.14 The removed exemptions are those which allow for: 1) exemption of $2500 in student loan money; and 2) the $500 cash exemption.

5.15 Defendant PRA's removal of these exemptions was intentional and systematic.

COMPLAINT - 5

5.16 Defendant PRA has sent out at least hundreds of exemption claim forms to Washington residents with the aforementioned exemptions removed.

5.17 Defendant PRA's removal of the exemptions from the checkbox list makes it more difficult for judgment debtors to claim exemptions.

5.18 Removing the exemptions that may be claimed by checking a box may influence how and whether a consumer will respond to a garnishment.

## VI.   FIRST CAUSE OF ACTION
**Violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692e and 1692f,** *et seq.*

6.1 Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6.2 Defendant PRA's debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA.

6.3  15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

6.4 15 U.S.C. § 1692f states that a debt collector may not use any unfair or unconscionable means to collect a debt.

COMPLAINT - 6

6.5  Defendant PRA's removal of meaningful information from the exemption claim form is unfair, unconscionable, and violates 15 U.S.C. § 1692f.

6.6  By reason thereof, Defendant PRA is liable to Plaintiff for judgment that Defendant PRA's conduct violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## VII. REQUEST FOR PRESERVATION OF EVIDENCE

7.1  Preserve all forms of electronic data, regardless of where the data exists, without modification to or deletion of any potentially discoverable data;

7.2  Suspend all procedures that may alter or delete computer data;

7.3  Prevent deleting, overwriting, defragmenting, or compressing the data;

7.4  Preserve all archived back-up tapes and ensure that (a) if archive tapes are rotated, the relevant tapes are removed from the rotation; and (b) if backups are made to hard drives, preserve the hard drive as well;

7.5  Preserve the contents of all hard drives, network drives, tape drives, optical drives, floppy disks, CD and DVD drives, and all other types of drives or media that are within the possession, custody, or control

COMPLAINT - 7

of all people who have knowledge of relevant facts and those who work with them, such as assistants;

7.6 Preserve the contents of all information on portable computers—such as laptops, palmtops, or tablets—used by those people, as well as home computers, if these are used for work purposes;

7.7 Preserve the contents of all data on computers that were used since the limitations period on the lawsuit began (for example; five years prior to filing) but that are no longer in use; and

7.8 Disclose electronic information in the Rule 26 initial disclosures.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant PRA as follows:

8.1 Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of $1,000.00;

8.2 Awarding Plaintiff actual damages sustained under the FDCPA;

8.3 Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

8.4 Declaratory judgment that Defendant PRA's practices complained of herein violate the FDCPA;

COMPLAINT - 8

8.5    Injunctive relief permanently enjoining Defendant PRA's practices complained of herein; and

8.6    Such other and further relief as the Court may deem just and proper.

DATED this 6th day of May, 2019.

                                         Kirk D. Miller, P.S.

                                         /s Kirk D. Miller
                                         Kirk D. Miller, WSBA No. 40025
                                         421 W. Riverside Ave., Ste. 660
                                         Spokane, WA 99201
                                         kmiller@millerlawspokane.com
                                         *Attorney for Plaintiff*

                                         Cameron Sutherland, PLLC

                                         /s Shayne J. Sutherland
                                         Shayne Sutherland, WSBA No. 44593
                                         Brian G. Cameron, WSBA No. 44905
                                         421 W. Riverside Ave., Ste. 660
                                         Spokane, WA 99201
                                         bcameron@cameronsutherland.com
                                         ssutherland@cameronsutherland.com
                                         *Attorneys for Plaintiff*

COMPLAINT - 9